

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~ATTORNEY GENERAL~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. J. S. Murchison
Executive Director
State Department of
    Public Welfare
Austin, Texas

Opinion No. O-5064
Re: Deduction from benefit payments
by the Texas Unemployment Compensa-
tion Commission of amounts payable
for public assistance

Dear Mr. Murchison:

        We have received and carefully considered your opinion
request of January 25, 1943. Your letter, which contains the ques-
tion asked as well as your views on the subject, is set out in
full as follows:

        "Does the public assistance administered by the State
    Department of Public Welfare come within the scope
    of the disqualifications set forth in Texas Unemploy-
    ment Compensation Law in Vernon's Annotated Texas
    Statutes, Vol. 15 Pocket Part, Chap. 14, Title 83,
    Article 5221B-3, Section e, Subsection 3?

        "The Texas Unemployment Compensation Commission
    has been deducting from the benefit amounts due
    claimants for unemployment compensation the
    amount they are reported to have received from
    the Texas Department of Public Welfare for pub-
    lic assistance. It is the opinion of the Texas
    Unemployment Compensation Commission that public
    assistance comes within the scope of the disqual-
    ifications set forth in the Texas Unemployment
    Compensation Law in Vernon's Annotated Texas
    Statutes, Vol. 15, Pocket Part, Chap. 14, Title
    83, Article 5221B-3, Section e, Subsection 3.

        "The Texas Unemployment Compensation Law provides
    in Article 5221B-3 Section 3, Subsection 3, that a
    claimant shall be disqualified from receiving unem-
    ployment benefits for any benefit period with re-
    spect to which he has received:

        "'Old Age Benefits under Title II of the Social
    Security Act as amended, or similar payments un-
    der any act of Congress, or of said Legislature,
    or Employment Pension Plan, provided, that if
    such remuneration is less than the benefits which
    would otherwise be due under this act, he shall
    be entitled to receive for such benefit period,
    if otherwise eligible, benefits reduced by the
    amount of such remuneration.' (Underscore ours)

"The Texas Unemployment Compensation Commission
assumes, then, that payments for Old Age Assist-
ance are similar to Old Age Benefits under Title
II of the Social Security Act as Amended.

"Public Assistance received from the Texas Depart-
ment of Public Welfare is given the individuals
in need; Old Age and Survivors' Insurance, on the
other hand, is the right of every individual who
has met certain requirements with respect to length
of service and wages earned under covered employ-
ment. Old Age Insurance differs further in the re-
quirement that workers contribute to the program;
public assistance is financed by other means of
taxation. It seems to us, then, that benefits un-
der the Railroad Retirement Act and under the U-
nited States Civil Service Retirement Act are
similar to Old Age Benefits under Title II of the
Social Security Act as Amended, but that public
assistance differs fundamentally both in purpose
and in method of accomplishment.

"By examining the Texas Public Welfare Act of 1941,
House Bill 611, Acts of the 47th Legislature, Regu-
lar Session, Sections 12, 17, and 20, one will find
that the Department of Public Welfare gives finan-
cial aid only to needy persons who meet certain
stated requirements. An individual does not qualify
if he possesses real or personal property in excess
of stated amount or income to provide a reasonable
subsistence compatible with health and decency.
This Act also provides that assistance covered by
its provisions shall not be construed as a vested
right in the recipient of such assistance.

"'SEC. 29. Old Age Assistance, aid to the blind
or aid to dependent children as provided for un-
der the provisions of this Act shall not be trans-
ferable or assignable, at law or in equity, and
none of the money paid or payable under the provi-
sions of this Act shall be subject to execution,
levy, attachment, garnishment, or other legal
process, or to the operation of any insolvency law;
the provision of this Act providing for old age
assistance, aid to the blind, and aid to dependent
children shall not be construed as a vested right
in the recipient of such assistance. (Underscore
ours)

"It seems clear that public assistance administered
by the Texas Department of Public Welfare differs
basically from Old Age and Survivors' Insurance Title
II of the Social Security Act.

"A search of the Texas statute discloses, it seems to
us, at least one type of payment similar to Old Age

benefits under Title II of the Social Security Act as Amended, that is, benefits under the 'State Teachers' Retirement Program' (Chap. 47 1 1937). Payments under this act are made without regard to need. They are based upon length of service and financed in part by employee contributions.

"It would seem feasible that the words 'or of a State Legislature' may have been added to Article 5221B-3, Section e, Subsection 3 of the Texas Unemployment Compensation Law in order to disqualify claimants receiving benefits to the Teachers' Retirement Program.

"We are of the opinion that a claimant should first receive that to which he is entitled by reason of his employment as a matter of right before he is paid that which he is granted because of need.

"Since the Public Welfare Act implies that deduction of unemployment compensation benefits should be made, it would seem to be in accord with the intent of the Legislature for the Texas Unemployment Compensation Commission to assume that a deduction has been or will be made by the State Department of Public Welfare.

"If the State Department of Public Welfare makes such deduction and then the Unemployment Compensation Commission deducts Old Age Assistance from unemployment payments, a double deduction will be made.

"Your consideration and advice on this question will be appreciated."

We agree with the conclusion you reach inasmuch as a consideration of Title II of the Social Security Act, as well as similar Acts of Congress and our State Legislature, shows that payments made under such Acts are paid to the claimant as a matter of legal right. Had it been the intent of the Legislature to include the assistance received under the provisions of the Texas Public Welfare Act as a disqualification to receive benefits, or reduce benefit payments, under the terms of Article 5221b, V.A.C.S., we believe that a reference to Title I of the Social Security Act would have been incorporated in Section 3(e) (3). Title I of the Social Security Act sets up a plan for Old Age Assistance payments to "needy-aged" individuals.

You are therefore advised that the amount of money paid to an individual under the provisions of the Texas Public Welfare Act should not be deducted from benefits to be paid under the terms of Article 5221b, V.A.C.S.

Hon. J. S. Murchison, page 4

The views expressed in this opinion are not in conflict
with our former opinion No. O-4393, which held that the payment
of Federal War Displacement Benefits would preclude the payment
of the regular Unemployment Compensation Benefits under the Texas
law other than in the reduced amount provided in Article 5221b-3
(e) (3).

The Texas Unemployment Compensation Commission may have
misinterpreted our Opinion No. O-4393 by the author's inadvertent
omission of the qualifying words "under Title II of the Social Se-
curity Act, as amended" after the words "old age benefits" in the
first unquoted paragraph on page 5 of the opinion. The term "old
age benefits", as used in said opinion, might be construed as in-
cluding both old age assistance provided for by Title I of the
Social Security Act, based upon need and to which the beneficiary
can acquire no vested right, as well as "Old Age Benefits" provided
for by Title II of the Social Security Act, as amended, to which
the qualified beneficiary is entitled as a matter of right. Such
was not the construction intended by the use of the words "old age
benefits" in said opinion.

This opinion is limited strictly to the facts before
us and is not intended as an attempt to define the words ". . .
all similar payments under any Act of Congress, or a State Legis-
lature, . . .".

APPROVED APR 5, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY
GENERAL

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Woodrow Edwards
Woodrow Edwards, Assistant

This opinion considered and approved in limited conference.

WE:AMM:wb